UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
In Re:

                Chapter 13

WOLFGANG A. WINTERSTEINER
and SALLY J. WINTERSTEINER,

                Case No. 10-11804

        Debtors.

## **CHAPTER 13 PLAN**

Debtors, Wolfgang A. Wintersteiner and Sally J. Wintersteiner, propose the following Chapter 13 Plan:

1.     Debtors propose monthly payments in the amount of Three Hundred and 00/100 ($300.00) Dollars to the Chapter 13 Trustee for a period of sixty (60) months totaling Eighteen Thousand and 00/100 ($18,000.00) Dollars.

2.     From the payments received, the Chapter 13 Trustee shall make the following distribution in accordance with the following classification and treatment of claims:

**A.**     **Administrative Claims:**

Allowed administrative claims, including the balance of Debtors' attorney fees in the sum of Three Thousand and 00/100 ($3,000.00) Dollars, shall be paid first until paid in full.

**B.**     **Secured Claims**:

Debtors shall retain jointly owned residential real property at 5 King Avenue, Corinth, New York.

Post-petition obligations to the mortgage lien holder, Chase Home Finance, shall be paid by Debtors in accordance with Note terms outside of this Chapter 13 Plan. No arrears are due and owing to Chase Home Finance. Lien holder, Chase Home Finance, shall retain its lien until paid in accordance with Note and Mortgage terms.

Debtors shall retain their 2007 Desert Fox Camper (pull behind). Post-petition obligations to the lien holder, NBT Bank NA, shall be paid by Debtors in accordance with Note terms outside of this Chapter 13 Plan. No arrears are due and owing to NBT Bank NA. Lien holder, NBT Bank NA, shall retain its lien until paid in accordance with Note terms.

### C. **Priority Claims:**

Allowed priority claims, if any, shall be paid in full pursuant to Code Section 1322(a)(2) pro rata from monthly payments after allowed administrative claims and allowed secured claims. There are no known priority claims.

### D. **General Unsecured Claims:**

Allowed unsecured claims shall be paid in cash, in full pro rata from the balance of Plan payments. Minimum distribution on account of allowed unsecured claims shall be not less than thirteen per cent (13%).

### 3. **Terms For Plan Implementation:**

Debtors reject all executory contracts effective upon confirmation except tenant leases with respect to real property retained, or as provided by any subsequent Court Order.

4. **Property Of The Estate:**

Property of the Estate shall include all property in which Debtors have legal or equitable interests, as defined by Code Section 541. Property of the Estate shall vest in Debtors free and clear of all claims and interests pursuant to Code Section 1327 unless provided otherwise herein.

5. **Confirmation:**

   a. This Plan is proposed in good faith and not by any means forbidden by law.

   b. The value as of the effective date of this Plan of property distributed is not less than the value of property as of the date of the commencement of the case if property of the Estate were to be liquidated pursuant to Chapter 7 of the Bankruptcy Code.

   c. Nothing set forth herein shall constitute a waiver, compromise or relinquishment of any right, title or interest of the Debtors under any applicable law with respect to property of the Estate.

   d. Confirmation of this Plan shall constitute modification of the rights of lien holders as provided herein but shall not constitute avoidance of any lien except as may be provided by Bankruptcy Court Order.

Dated: May 5, 2010
Glens Falls, New York

    /s/ Wolfgang A. Wintersteiner
Wolfgang A. Wintersteiner, Debtor

    /s/ Sally J. Wintersteiner
Sally J. Wintersteiner, Debtor

Law Offices Of Edwin M. Adeson
Attorneys For Debtors
485 Glen Street
Glens Fall, NY 12801